**Kiet Hung NGUYEN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–71106.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2009.

Filed July 30, 2009.

Seth L. Reszko, Esquire, Reza Athari & Associates, PLLC, a Multi–Jurisdictional Firm, Las Vegas, NV, for Petitioner.

Jamie M. Dowd, Esquire, Jeffery R. Leist, David V. Bernal, Assistant Director, Margaret Kuehne Taylor, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: D.W. NELSON, W. FLETCHER and PAEZ, Circuit Judges.

MEMORANDUM *

Kiet Hung Nguyen ("Nguyen"), a native of Vietnam, petitions for review of an order of removal. Nguyen is a permanent resident who fled Vietnam in 1983 and was admitted as a refugee to the United States. In 1993, he was convicted of a battery resulting in substantial bodily harm, in violation of Nevada law. After Nguyen was charged with removability, Nguyen requested asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The immigration judge ("IJ") initially granted Nguyen's request for asylum, but the Board of Immigration Appeals ("BIA") reversed, finding that Nguyen had not established past persecution when he was in Vietnam and that Nguyen had not shown it was more likely than not that he would be persecuted upon return. Nguyen challenges this ruling, and additionally raises two ineffec-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tive assistance of counsel claims arising from mistakes made by earlier counsel in Nguyen's repeated hearings in front of the IJ and the BIA.

The government conceded at oral argument that, under our case law, we have jurisdiction to review the BIA's denial of Nguyen's withholding of removal claim. *Morales v. Gonzales,* 478 F.3d 972, 980 (9th Cir.2007); *Arteaga v. Mukasey,* 511 F.3d 940, 942 (9th Cir.2007). The government also conceded at oral argument that the failure of the IJ to require Nguyen to testify at his hearing was not a ground upon which the BIA denied Nguyen's claim for withholding of removal. Finally, the government conceded at oral argument that we may rely, for purposes of our review, on the existing record in this case and that we do not need to remand for Nguyen's testimony to be taken by the IJ.

The BIA's holding that Nguyen was not subject to past persecution while in Vietnam is not supported by substantial evidence. Neither the BIA nor the IJ made any adverse credibility finding on the testimony of Nguyen's witnesses, so we must accept their contentions as true. *Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir. 2005). According to the testimony of these witnesses, Nguyen and his family were forcibly placed in a reeducation camp for two years, where their ability to work was restricted and they were deprived of food. Nguyen was later prevented from attending school. The State Department report confirms the existence of these reeducation camps and that those who had been sympathetic to the South Vietnamese government were placed in such camps.

The BIA held that this internment did not constitute past persecution because it was the only adverse incident suffered by Nguyen, because Nguyen experienced no physical abuse while in Vietnam, and because his family did not suffer reprisals after escaping from the camp. However, evidence of physical harm is not required to establish persecution, *Khup v. Ashcroft,* 376 F.3d 898, 903 (9th Cir.2004), and the potential absence of evidence of persecution suffered by the family after they left the camp is irrelevant to whether the family suffered persecution while being interned in the reeducation camp.

Additionally, Nguyen's two-year detention in a reeducation camp under harsh conditions is sufficient on its own to establish past persecution. "Although brief detentions, without more, can be insufficient to establish persecution," much longer detentions do establish persecution. *Ndom v. Ashcroft,* 384 F.3d 743, 752 (9th Cir. 2004) (finding persecution based on detention of twenty-five days), *superseded by statute on other grounds,* REAL ID Act, Pub.L. No. 109–13, div. B, 110 Stat. 231 (2005). The character of Nguyen's detention is also relevant. This court has repeatedly held that being subject to "abusive detention, reeducation through labor, or criminal proceedings" constitutes persecution. *Zhou v. Gonzales,* 437 F.3d 860, 868 (9th Cir.2006); *see also Zhang v. Ashcroft,* 388 F.3d 713, 718–19 (9th Cir.2004); *Vongsakdy v. INS,* 171 F.3d 1203, 1207 (9th Cir.1999).

Because Nguyen demonstrated past persecution, he has established a presumption of eligibility for withholding of removal. *Hanna v. Keisler,* 506 F.3d 933, 939–40 (9th Cir.2007). The government can rebut this presumption by showing "a fundamental change in circumstances." *Id.* The government argued changed circumstances to the BIA, but the BIA did not consider this question. Therefore, on Nguyen's withholding of removal claim, we grant the petition for review and remand to the BIA to allow it to consider whether the government has demonstrated changed circumstances. *INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Because we grant Nguyen's petition with respect to his withholding of removal claim, we need not decide his ineffective assistance of counsel claim on his withholding of removal claim.

Finally, assuming without deciding that Nguyen complied with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), Nguyen's ineffective assistance of counsel claim on his CAT claim fails because Nguyen did not show that it was more likely than not that he would be tortured if returned to Vietnam and therefore is unable to show any prejudice. Nguyen presented no evidence that he or his family has ever been subject to physical or mental abuse in Vietnam. While there is evidence in the record that repatriated Vietnamese from the United States are subject to surveillance and repression by the government, there is no evidence that any of them have been subject to torture.

Petition for review GRANTED in part; DENIED in part; and REMANDED.